IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 18, 2008

Charles R. Fulbruge III
Clerk

No. 08-50116
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CRYSTAL MUNOZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:07-CR-119-8

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Crystal Munoz appeals her conviction following a jury trial for conspiracy to possess with intent to distribute 1000 kilograms of marijuana. Munoz was sentenced to a term of imprisonment of 235 months.

Munoz argues that her Sixth Amendment right to confront and cross-examine witnesses was violated by the district court's prohibiting her counsel from questioning accomplice witnesses about their motive for testifying, in particular, about the potential reduction of their sentences if they cooperated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with law enforcement authorities. Munoz further asserts that the district court did not permit her counsel to cross-examine Rosa Sanchez about her motive for testifying. She contends that due to the district court's ruling, counsel did not approach the motive topic with the other Government witnesses and, thus, could not point out their motivation during closing argument.

The Government argues that review is for plain error because defense counsel did not object when the district court disallowed a question to Sanchez and did not request a clarification of the ruling. The Government asserts that even if the issue is deemed preserved, the error was harmless because the motivation of the witnesses was fully disclosed to the jury on direct examination and because the evidence as a whole was overwhelming with respect to Munoz's guilt.

The Confrontation Clause guarantees a defendant a right to conduct effective cross-examination. Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). However, courts have the discretion to impose reasonable limits on cross-examination based on concerns such as harassment, prejudice, confusion, relevance, or repetition. Id. The court will consider if counsel was allowed to present facts from which the jury could appropriately draw inferences regarding the reliability of witnesses. United States v. Restivo, 8 F.3d 274, 278 (5th Cir. 1993).

An alleged violation of the Confrontation Clause resulting from the total denial of cross-examination of a witness are reviewed de novo, but are subject to a harmless error analysis." United States v. Jimenez, 464 F.3d 555, 558 (5th Cir. 2006). In determining whether the error was harmless, the court must determine whether, "assuming that the damaging potential of the cross-examination was fully realized, a reviewing court might nonetheless say that the error was harmless beyond a reasonable doubt." Id. at 562 (internal quotation and citation omitted).

If the district court merely limits the cross-examination of a witness, the standard of review is for an abuse of discretion. Id. at 558-59. To show an abuse of discretion, the defendant must show that the limitations on cross-examination were clearly prejudicial. Restivo, 8 F.3d at 278. A determination of whether the trial court's restrictions on cross-examination are "clearly prejudicial" requires consideration of "the overall strength of the prosecution's case, the circumstances surrounding the challenged testimony, the importance of that testimony, and its corroboration or contradiction elsewhere at trial." United States v. Gray, 105 F.3d 956, 965 (5th Cir. 1997).

It is not clear that counsel preserved an objection to the district court's denial or limitation of cross-examination. However, the court need not determine whether defense counsel preserved the issue because Munoz has not shown that she is entitled to relief even under a de novo standard of review because any error was harmless.

The Government's questioning of the accomplice witnesses established that the witnesses were or had been in prison and that several of the witnesses understood that their testimony might result in a reduction of their sentences. Thus, the jury was aware that these witnesses had a motive to testify favorably for the Government. Secondly, the district court instructed the jury that the accomplice witnesses and the Government had entered into a plea bargain providing for a possible lesser sentence if the witnesses cooperated and that the accomplices's testimony must be received with caution and weighed with great care. Finally, in his closing argument, defense counsel argued that Rosa Sanchez's motivation for testifying was to obtain a reduced sentence. Defense counsel could have relied on the Government's direct examination of the accomplice witnesses to argue that the other witnesses had the same motive. The jurors could have readily inferred that the other accomplice witnesses had the same motive for testifying as Sanchez.

The jury had sufficient facts presented to them to weigh the credibility of the accomplice witnesses.  Restivo, 8 F.3d at 278. Any denial or limitation on counsel's cross-examination of the accomplice witness was at most harmless error.

Munoz argues that during the trial, the district court improperly admonished her in front of the jury on several occasions.  She contends that this conduct in conjunction with the limited cross-examination resulted in harmful error.  Because Munoz did not object to the district court's comments, review is for plain error.  See United States v. Sanchez, 325 F.3d 600, 603 (5th Cir. 2003). A trial court has discretion over the "tone and tempo" of a trial, but may not attempt to move a trial along at the "cost of strict impartiality."  Id.  To show that the district court was not impartial, Munoz must demonstrate that the district court's behavior was so prejudicial as to deprive her of a fair trial.  Id.

The statements made by the district court that Munoz complains about were generally just explanations for the district court's evidentiary rulings.  Further, the district court instructed the jury to disregard anything it said or did during the trial, except for the legal instructions given, and not to assume that it had any opinion on any of the issues in the case.  After the Government rested its case, the district court gave counsel the opportunity to recall the accomplice witnesses to question them on any matters that had not been covered.  Considering the record as a whole, any error that may have occurred was harmless.

Munoz's conviction is AFFIRMED.